**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 25-cv-03207-RMR-NRN

LATOSHAKE JONES,

Plaintiff,

v.

UHS OF DENVER INC. d/b/a HIGHLANDS BEHAVIORAL HEALTH,

Defendant.

---

## ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge N. Reid Neureiter, entered on March 19, 2026, ECF No. 26, addressing Defendant's Motion to Compel Arbitration and to Stay Proceedings ("Motion") (ECF No. 16). Magistrate Judge Neureiter recommends that Defendant's motion be granted.

Plaintiff timely filed an objection to the Recommendation. ECF No. 27. Defendant filed a response. ECF No. 28. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules Plaintiff's Objection and adopts the Recommendation.

### I. LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or

recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

Because Plaintiff proceeds pro se, the Court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a pro se party "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

## II. ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

### A. Plaintiff's Objection

Magistrate Judge Neureiter concluded that the Alternative Resolution for Conflicts Agreement ("ARC Agreement") signed and executed by Plaintiff constitutes a valid agreement to arbitrate and Plaintiff's claims fall within the scope of the ARC Agreement. ECF No. 26 at 6-12. Magistrate Judge Neureiter also rejected Plaintiff's arguments that the ARC Agreement is procedurally and substantively unconscionable and that Defendant waived the right to compel arbitration by participating in litigation. *Id.* at 12-15. Accordingly, Magistrate Judge Neureiter recommends granting the Motion.

Plaintiff does not challenge the Recommendation's findings. Rather, Plaintiff raises a new argument that arbitration would be prohibitively expensive because, while she "does not oppose arbitration in principle," she is "financially unable to pay ARC's filing fees, administrative fees, or arbitrator compensation." ECF No. 27 at 1. Because this argument was not raised in Plaintiff's response to the Motion, Plaintiff waived her opportunity to raise the argument here. *See United States v. Garfinkle*, 261 F.3d 1030,

1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Even if the Court considered Plaintiff's new argument, it rests on a misunderstanding of the term "ARC." Plaintiff appears to interpret it as a reference to Alternative Resolution Centers, the private dispute resolution provider whose rules she attaches to her Objection. *See* ECF No. 27-1. In the Recommendation, however, "ARC" refers to the Alternative Resolution for Conflicts Agreement signed by Plaintiff. *See* ECF No. 26 at 2. And the ARC Agreement does not require arbitration before Alternative Resolution Centers. Rather, it provides for a mutually selected arbitrator or, absent agreement, arbitration administered by the AAA. ECF No. 16-1 at § 4. Moreover, the AAA has a specific hardship waiver process for administrative fees. *See* Affidavit for Waiver of Fees – Individual, https://www.adr.org/media/4fslwld1/2025_support_of_hardship_waiver_of_fees_individual.pdf. As the party seeking to invalidate an arbitration agreement on the grounds that arbitration would be prohibitively expensive, Plaintiff bears the burden of showing the likelihood of incurring such costs. *See In re Universal Serv. Fund Tel. Billing Pracs. Litig.*, 300 F. Supp. 2d 1107, 1128 (D. Kan. 2003) (citing *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000)). Because Plaintiff's argument relies on costs associated with an arbitration organization that is not relevant here, she has not "presented any evidence from which the court can ascertain whether requiring [her] to arbitrate [her] claims might be so expensive that it would deter [her] from vindicating [her] statutory rights." *Id.* For these reasons, the Court overrules Plaintiff's Objection.

## III. CONCLUSION

For the reasons set forth above and in the Recommendation, Defendant's Motion to Compel Arbitration and Stay Proceedings is GRANTED**.**

Accordingly, the Court ORDERS:

1. Plaintiff's Objection to the Recommendation, ECF No. 27, is OVERRULED;
2. The Recommendation, ECF No. 26, is ACCEPTED AND ADOPTED;
3. Defendant's Motion to Compel Arbitration and Stay Proceedings, ECF No. 16, is GRANTED;
4. The parties SHALL file a joint report regarding the status of arbitration within 30 days of the resolution of the claims in arbitration;
5. Pursuant to D.C.COLO.LCivR 41.2, the Clerk of the Court SHALL ADMINISTRATIVELY CLOSE this case subject to reopening for good cause;[2] and
6. Any pending deadlines and hearings are VACATED.

[2] *See* 9 U.S.C. § 3 (providing, in pertinent part, that a court referring an issue to arbitration "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"); *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987) (construing an order compelling arbitration and closing the case "as the practical equivalent of a stay"). "Because an administratively closed case 'still exists on the docket of the district court' it 'may be reopened upon request of the parties or on the court's own motion.' " *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quoting *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004)); *see also* D.C.COLO.LCivR 41.2 ("A district judge ... may order the clerk to close a civil action administratively subject to reopening for good cause.").

DATED: September 24, 2026

BY THE COURT:

________________________________________
REGINA M. RODRIGUEZ
United States District Judge